IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 10-CR-20011 |
| | ) | |
| **JEREMY N. ROGERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER AND OPINION

This matter is now before the Court on Defendant Jeremy N. Roger's Motions for Compassionate Release (D. 53; D. 54) and the Government's Response (D. 56). For the reasons set forth below, Defendant's Motions are DENIED.

### BACKGROUND

Defendant pleaded guilty to being a felon in possession of a firearm and was sentenced as an armed career criminal to 212 months' imprisonment in early 2011. *See* 18 U.S.C. §§ 922(g), 924(e); (D. 16; D. 28). Pursuant to the terms of the Rule 11(c)(1)(C) Plea Agreement, the Parties' stipulated that Defendant was an armed career criminal and that the appropriate sentence was 212 months' imprisonment, which was in the middle of the advisory guideline sentencing range of 188 to 235 months. (D. 16, ¶¶ 9, 18; D. 26; D. 27). Based on the presentence investigation report ("PSR"), Defendant was an armed career criminal based on three prior offenses: Aggravated Battery (Kankakee County, Case #00-CF-399); Burglary and Larceny of a Church (Franklin County, Mississippi, Circuit Court, Case #02-KR-008); and Delivery of a Controlled Substance within 1,000 Feet of a Church (Kankakee County Circuit Court, Case #06-CF-639). (D. 26, ¶ 26). Defendant made no objections to the PSR or his status as an armed career criminal in the Plea

1

Agreement. In the Plea Agreement, Defendant also waived his rights to appeal and collaterally attack his conviction and sentence. (D. 16, ¶¶ 21, 22). No appeal was filed.

In 2015, Defendant moved under 28 U.S.C. § 2255 to vacate his sentence on the grounds that two of his predicate convictions – burglary in Mississippi and aggravated battery in Illinois – were no longer violent felonies under the Armed Career Criminal Act ("ACCA"). *Rogers v. United States*, Case No. 15-cv-2172, § 2255 Motion (D. 1). In support of his § 2255 motion, Defendant relied on *Johnson v. United States*, 135 S. Ct. 2551 (2015) in which the Supreme Court ruled that the residual clause of the ACCA is unlawfully vague. *See id.* The Court denied Defendant's § 2255 motion finding Petitioner's claims were barred by the collateral attack waiver in the Plea Agreement. Case No. 15-cv-2172, Opinion (D. 7). The Court also found that even if Defendant's claims were not barred, his motion still failed following *Johnson* because both predicates had been counted under clauses other than the residual clause. *Id.* Defendant did not appeal.

In 2016, Defendant applied for authorization to file a successive § 2255 motion based on the same *Johnson* claims, and the Seventh Circuit denied his application. *Rogers v. United States*, Case No. 16-2782 (7th Cir. July 26, 2016). In 2020, Defendant filed a second application seeking authorization from the Seventh Circuit to file a successive § 2255 motion, again reasserting his prior arguments related to the Mississippi burglary, while also raising arguments related to a recent Supreme Court case, *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Seventh Circuit held that Defendant's claim related to the Mississippi burglary was barred and noted that *Rehaif* merely clarified the elements of § 922(g), but did not announce a new and retroactive constitutional rule or establish Defendant's innocence. *Rogers v. United States*, Case No. 20-3079 (7th Cir. Nov. 4, 2020). Thus, § 2255(h) did not permit a new collateral attack. *Id.*

In 2021, Defendant again sought authorization from the Seventh Circuit to file a successive § 2255 motion. Once more, he argued that the Mississippi burglary was not a "violent felony" under § 924(e), but that time he invoked *Mathis v. United States*, 579 U.S. 500 (2016) and *Guenther v. Marske*, 997 F.3d 725 (7th Cir. 2021), arguing that the Mississippi burglary was not a categorical match for federal burglary. The Seventh Circuit denied his application because, once again, Defendant's sentencing claim involved no new evidence establishing innocence and his supporting authority turned on the interpretation of federal statutes, not the Constitution. *Rogers v. United States*, Case. No. 22-1060 (7th Cir. Jan. 28, 2022). In 2023, Defendant filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the Sentencing Guidelines, which this Court denied. (D. 45; D. 48).

Defendant has now filed two motions requesting compassionate release under 18 U.S.C. § 3581(c)(1)(A). (D. 53; D. 54). In both motions, Defendant argues that he should be granted release, or alternatively a reduced sentence, based on the recently amended U.S.S.G. § 1.B1.13(b)(6) arguing that he received an unusually long sentence. The majority of his newly filed motion, however, again challenges the Mississippi burglary as a predicate offense under the ACCA on the grounds that the state definition is broader than the federal statute and that he is eligible under § 1B1.13(b)(6), because the "range and disparity in sentences enhanced under the ACCA is a reoccurring constitutional problem." (D. 54, p. 4). The Government opposed the motions on the merits, but also argues that Defendant has not met the statute's exhaustion requirements.

## LEGAL STANDARD

The Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of

which allows the Court to grant a defendant compassionate release if certain requirements are met. *See* 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'" *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (quoting *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021)).

## DISCUSSION

A district court may grant a motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). For a claim to be properly exhausted, "an inmate is required to present the same or similar ground[s] for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The Seventh Circuit has held that the exhaustion

defense "is a mandatory, claim-processing rule and therefore *must* be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (emphasis original).

The Government argues that Defendant has failed to assert in his motions that he has exhausted administrative remedies with the BOP, or otherwise include the specific requests for relief that he made to the BOP in his motions as required under § 3528(c)(1)(A). The exhaustion requirements are an affirmative defense, and once properly invoked, apply mandatory claim-processing rules that must be enforced. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). These facts relevant to exhaustion are not disputed, and Defendant has not supplemented his pleading furnishing proof of compliance with the exhaustion requirements.

Because the Government has invoked the exhaustion defense, exhaustion of administrative remedies is a necessary requirement for seeking compassionate release on the merits in this Court, and exhaustion cannot be waived, this Court finds that addressing the Defendants' motions on the merits is not appropriate at this time.

Furthermore, even if Defendant had properly exhausted administrative remedies and, although not conceded, had established that an extraordinary and compelling circumstance existed, Defendant does not automatically get a sentence reduction. The Court must also consider the § 3553(a) factors, which militate against early release for this Defendant. Here, the sentence is appropriate considering the sentencing guidelines, the seriousness of Defendant's offense, and his status as an armed career criminal. Additionally, according to probation and BOP records, Defendant has received over 40 disciplinary infractions since August 30, 2016. (D. 47). These include, but are not limited to, the following:

> Insolent to Staff Member (2); Possessing a Dangerous Weapon (3); Fighting (4); Engaging in Sex Acts (17); Destroying Property (2); Assault (6); Refuse to Obey Order (4); Possessing Unauthorized Item (1); Being Unsanitary/Untidy (1);

Lying/Falsifying Statement (1); Threatening Bodily Harm (2); and Tattooing/Self-Mutilation (1).

*Id.* Based on this conduct, the Court cannot find that Defendant would not be a danger to the safety of other persons or the community. Accordingly, the Court finds that his early release would not be justifiable under the § 3553(a) factors.

## CONCLUSION

For the reasons set forth above, Defendant's [53],[54] Motions for Compassionate Release are DENIED.

Entered this 30th day of May, 2024.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge